UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON REYNA, | ) | |
| | ) | |
| **Plaintiff,** | ) | No: 2011cv4433 |
| | ) | |
| **vs.** | ) | |
| | ) | **JURY DEMAND** |
| GERRESHEIMER GLASS INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT
### AS AND FOR A FIRST CAUSE OF ACTION
### (AGE DISCRIMINATION IN VIOLATION TO THE ADEA)

NOW COMES the Plaintiff, RAMON REYNA ("Plaintiff"), by and through his attorney, Joshua D. McCann, and in complaining of GERRESHEIMER GLASS INC., (" Defendant" or "Gerresheimer"), and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the "ADEA"), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

2. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

3. The employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois, Eastern Division.

### PARTIES

4. Plaintiff is a 61 year old, Hispanic, person of Mexican descent and a resident of Chicago Heights, State of Illinois.

1

5. Plaintiff was an employee of Defendant at a glass manufacturing facility in Chicago Heights, Illinois, from April of 2006 through March 30, 2011.

6. Defendant is, and has been at all times relevant to the allegations herein, a Delaware Corporation with its principle place of business in Vineland, New Jersey, and a glass manufacturing facility in Chicago Heights, Illinois, and has continuously employed over 500 employees.

7. Defendant is, and has been at all times relevant to the allegations herein, an employer within the meaning of the Civil Rights Act, 42 U.S.C. 2000(e) *et seq*., and the ADEA.

## STATEMENT OF FACTS

8. Plaintiff is currently 61 years old and at all times relevant to the allegations herein has fallen within the group protected by the ADEA.

9. At all times material herein, Defendant employed its employees in commerce and in the production of goods and services for commerce within the meaning of the ADEA.

10. Plaintiff began his employment with Defendant as a Maintenance Electrician in Chicago Heights, Illinois.

11. On January 18, 2011, at the beginning of Plaintiff's shift, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff on the basis of his age in violation of the ADEA by treating him differently than employees under the age of 40 when he was required by Defendant to go to a doctor for alleged "confusion".

12. In late January, 2011, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff on the basis of his age in violation of the ADEA by treating him differently than employees under the

age of 40 when he was required to take a psychological test in Defendant's Human Resources office.

13. On February 25, 2011, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff on the basis of his age in violation of the ADEA by treating him differently than employees under the age of 40 when he was demoted to the position of Leher Attendant for alleged performance issues, despite Defendant never having given Plaintiff a written warning or other written statement apprising him of his alleged performance deficiencies.

14. In late March of 2011, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff on the basis of his age in violation of the ADEA by treating him differently than employees under the age of 40 when he was terminated from employment by Defendant.

15. As a result of Defendant's actions, Plaintiff has been deprived of his wages and employment benefits.

16. In addition, the Plaintiff seeks to be reinstated, and if he is not reinstated, he will continue to be deprived of wages and employment benefits in the future. The Plaintiff is therefore entitled to an award of front pay if reinstatement is not possible.

17. Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

**PROCEDURAL FACTS**

18. On June 7, 2011, Plaintiff filed a charge of the age discrimination alleged herein with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois. A true and correct copy of the Charge of Discrimination, No. 440-2011-04192, is attached hereto as "Exhibit A"

3

and incorporated herein. Plaintiff requested a right to sue letter and on June 17, 2011, the EEOC

issued Plaintiff a Notice of Right to Sue. A true and correct copy of the Notice of Right to Sue is

attached hereto as "Exhibit B" and incorporated herein.

19. This action has been timely filed within ninety (90) days of the receipt of the Notice of

Right to Sue.

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make

the plaintiff whole, including:

     A.   Reinstatement or, alternatively, front pay;

     B.   Damages, including loss of pay and benefits;

     C.   Statutory liquidated damages in the amount of $300,000 due to the Defendant's

         willful conduct;

     D.   Attorneys' fees and costs incurred in this action;

     E.   Such other relief as is just and equitable; and

     F.   The plaintiff requests a jury trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## (TITLE VII – NATIONAL ORIGIN DISCRIMINATION)
### NATURE OF ACTION

20. Plaintiff realleges each and every allegation set forth above with the same force and

effect as if more fully set forth herein.

21. Defendant brings this action under Title VII of the Civil Rights Act of 1964 and as

amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"),

venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for Defendant

having subjected Plaintiff to origin discrimination by failure to treat him the same as non-

Mexican employees.

4

## FACTUAL BASIS

22. On January 18, 2011, at the beginning of Plaintiff's shift, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff in violation of Title VII by treating him differently than other non-Mexican, non-Hispanic when he was required by Defendant to go to a doctor for alleged "confusion".

23. In late January, 2011, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff based upon his national origin in violation of Title VII by treating him differently than other non-Mexican, non-Hispanic employees when he was required to take a psychological test in Defendant's Human Resources office.

24. On February 25, 2011, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff based upon his national origin in violation of Title VII by treating him differently than other non-Mexican, non-Hispanic employees when he was demoted to the position of Leher Attendant for alleged performance issues, despite Defendant never having given Plaintiff a written warning or other written statement apprising him of his alleged performance deficiencies.

25. In late March of 2011, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff based upon his national origin in violation of Title VII by treating him differently than other non-Mexican, non-Hispanic employees when he was terminated from employment by Defendant.

5

26. Due to the unlawful national origin discrimination by Defendant, Plaintiff has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish.

27. As a result of Defendant's unlawful national origin discrimination, Plaintiff has been deprived of his wages and employment benefits.

28. In addition, the Plaintiff seeks to be reinstated, and if he is not reinstated, he will continue to be deprived of wages and employment benefits in the future. The Plaintiff is therefore entitled to an award of front pay if reinstatement is not possible.

29. Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## PROCEDURAL FACTS

30. On April 4, 2011, Plaintiff filed a charge of the national origin discrimination alleged herein with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois. A true and correct copy of the Charge of Discrimination, No. 846-2011-43718, is attached hereto as "Exhibit C" and incorporated herein. On April 19, 2011, Plaintiff amended his charge of national origin discrimination to include the charge of retaliation. A true and correct copy of the Amended Charge of Discrimination is attached hereto as "Exhibit D" and incorporated herein. Plaintiff requested a right to sue letter and on April 19, 2011, the EEOC issued Plaintiff a Notice of Right to Sue. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "E" and incorporated herein.

31. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

WHEREFORE, Plaintiff prays for judgment as follows:

 A. Reinstatement or, alternatively, front pay;

B.    For monetary damages, including loss of pay and benefits;

C.    For statutory liquidated damages in the amount of $300,000 due to the Defendant's willful conduct;

D.    For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k);

E.    Such other relief as is just and equitable; and

F.    The plaintiff requests a jury trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII-RETALIATION)

32. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. On January 18, 2011, Plaintiff told his supervisors that he felt that he was being discriminated against on the basis of his national origin.

34. Defendant thereafter intentionally retaliated against Plaintiff, based upon his making this internal complaint, when Defendant created a hostile work environment, subjected Plaintiff's performance to unreasonable scrutiny, and then demoted and terminated Plaintiff, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

35. By reason of the retaliation of PC, SMITH has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish.

36. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

WHEREFORE, Plaintiff prays for judgment as follows:

7

A.   Reinstatement or, alternatively, front pay;

B.   For monetary damages, including loss of pay and benefits;

C.   For statutory liquidated damages in the amount of $300,000 due to the Defendant's willful conduct;

D.   For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k);

E.   Such other relief as is just and equitable; and

F.   The plaintiff requests a jury trial of this action.


RAMON REYNA

BY:**/s/ Joshua D. McCann**
Joshua D. McCann

Joshua D. McCann #6294730 IL
111 West Washington Street
Suite 1625
Chicago, IL   60602
Phone: 312-924-9429
Fax: 312-284-4571
Email: jdmccann@chicagolegalcounsel.com